IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| VICTORIA LANTHRON, | ) | CASE NO. 3:18 CV 0689 |
| | ) | |
| Plaintiff, | ) | JUDGE JEFFREY J. HELMICK |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| COMMISSIONER OF SOCIAL | ) | |
| SECURITY, | ) | **REPORT &** |
| | ) | **RECOMMENDATION** |
| Defendant. | ) | |

## Introduction

Before me by referral[1] is an action for judicial review of the final decision of the Commissioner of Social Security denying the application of the plaintiff, Victoria Lanthron, for supplemental security income. The Commissioner has answered[2] and filed the transcript of the administrative record.[3] Under my initial[4] and procedural[5] orders, the parties have briefed their positions[6] and filed supplemental charts[7] and the fact sheet.[8] They have participated in oral argument.[9]

---

[1] This matter was referred to me under Local Rule 72.2 in a non-document order dated March 27, 2018.
[2] ECF No. 9.
[3] ECF No. 10.
[4] ECF No. 6.
[5] ECF No. 11.
[6] ECF No. 15 (Commissioner's brief); ECF No. 12 (Lanthron's brief).
[7] ECF No. 15, Attachment 1 (Commissioner's charts); ECF No. 17 (Lanthron's charts).
[8] ECF No. 17.
[9] ECF No. 18.

## Facts

**A.      Background facts and decision of the Administrative Law Judge ("ALJ")**

Lanthron, who was 38 years old at the time of the second hearing,[10] had an 11th grade education.[11]   Her past relevant work experience included work as a truck driver.[12] The Administrative Law Judge ("ALJ"), whose decision became the final decision of the Commissioner, found that Lanthron had severe impairments consisting of: chronic obstructive pulmonary disease ("COPD"); degenerative joint and disc disease of the lumbar spine; diabetes mellitus, Type II; obesity; bipolar disorder, mixed; generalized anxiety disorder; dependent personality disorder; and marijuana abuse.[13]

The ALJ found Lanthron had the residual functional capacity ("RFC") to perform light work as defined in the regulations, with additional limitations.[14]   The ALJ decided that this RFC precluded Lanthron from performing her past relevant work.[15]

Based on the testimony of the vocational expert at the hearing, the ALJ determined that a significant number of jobs existed nationally that Lanthron could perform.   The ALJ, therefore, found Lanthron not under a disability.

---

[10] ECF No. 17 (fact sheet).
[11] *Id.*
[12] *Id.*
[13] ECF No. 10, Transcript ("Tr.") at 708.
[14] *Id.* at 714.
[15] *Id.* at 719.

## B.    Issues on judicial review

Lanthron asks for reversal of the Commissioner's decision, claiming it does not have the support of substantial evidence in the administrative record.   Specifically, Lanthron presents the following issues for judicial review:

- The ALJ failed to evaluate properly whether Lanthron met or equaled Listing 1.04(A).

- The ALJ failed to consider properly Lanthron's subjective complaints.

- The ALJ improperly determined that he did not have to evaluate two separate sets of medical opinions.[16]

I recommend that the ALJ's finding of no disability is supported by substantial evidence and, therefore, must be affirmed.

## Analysis

## A.    Applicable legal principles

## 1.    *Substantial evidence*

The Sixth Circuit in *Buxton v. Halter* reemphasized the standard of review applicable to decisions of the ALJs in disability cases:

> Congress has provided for federal court review of Social Security administrative decisions. However, the scope of review is limited under 42 U.S.C. § 405(g): "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. . . ." In other words, on review of the Commissioner's decision that claimant is not totally disabled within the meaning of the Social Security Act, the only issue reviewable by this court is whether the decision is supported by substantial evidence. Substantial evidence is "'more than a mere scintilla. It means such relevant evidence

---

[16] ECF No. 12 at 2.

3

> as a reasonable mind might accept as adequate to support a conclusion.'"
>
> The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. This is so because there is a "zone of choice" within which the Commissioner can act, without the fear of court interference.[17]

Viewed in the context of a jury trial, all that is necessary to affirm is that reasonable minds could reach different conclusions on the evidence.   If such is the case, the Commissioner survives "a directed verdict" and wins.[18]   The court may not disturb the Commissioner's findings, even if the preponderance of the evidence favors the claimant.[19]

I will review the findings of the ALJ at issue here consistent with that deferential standard.

## 2.    *Meeting a listing at Step Three*

If a claimant has a severe impairment or combination of impairments that meets one of the listings in Appendix 1 to Subpart P of the regulations, the claimant is disabled.[20] Because the listings describe impairments that the Social Security Administration considers "severe enough to prevent an individual from doing any gainful activity,

---

[17] *Buxton v. Halter*, 246 F.3d 762, 772-73 (6th Cir. 2001) (citations omitted).

[18] *LeMaster v. Sec'y of Health & Human Servs.*, 802 F.2d 839, 840 (6th Cir. 1986); *Tucker v. Comm'r of Soc. Sec.*, No. 3:06CV403, 2008 WL 399573, at *1 (S.D. Ohio Feb. 12, 2008).

[19] *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007).

[20] *Rabbers v. Comm'r of Soc. Sec.,* 582 F.3d 647, 652 (6th Circ. 2009); *Cunningham v. Comm'r of Soc. Sec.*, No. 5:10CV1001, 2012 WL 1035873, at *2 (N.D. Ohio March 27, 2012) (citing *Rabbers*, 582 F.3d at 652).

regardless of his or her age, education, or work experience,"[21] the Commissioner will deem a claimant who meets or equals the requirements of a listed impairment conclusively disabled.[22] Each listing sets out "the objective medical and other findings needed to satisfy the criteria of that listing,"[23] and the claimant bears the burden of proving[24] that she has satisfied all of the criteria of a listing in order to meet the listing.[25]

Even if a claimant cannot demonstrate disability by meeting the listing, she may be disabled if her impairment is the medical equivalent of a listing.[26] Medical equivalence means that the impairment is "at least as equal in severity and duration to the criteria of any listed impairment."[27] A claimant seeking to establish that an impairment is equivalent to a listing must present "medical findings" that show her impairment is "equal in severity to all the criteria for the one most similar listed impairment."[28]

While the Sixth Circuit "does not require a heightened articulation standard" by the ALJ at Step Three,[29] "the ALJ must make it sufficiently clear in his or her decision the reasons for the [listing] determination in order for the Court to conduct a meaningful

---

[21] 20 C.F.R. § 404.1525(a).

[22] *Rabbers*, 582 F.3d at 653.

[23] 20 C.F.R. § 404.1525(c)(3).

[24] *Rabbers*, 582 F.3d at 653.

[25] *Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011).

[26] 20 C.F.R. § 404.1520(a)(4)(iii).

[27] 20 C.F.R. § 404.1526(a).

[28] *Sullivan v. Zebley*, 493 U.S. 521, 531 (1990).

[29] *Marok v. Astrue*, No. 5:08CV 1832, 2010 WL 2294056, at *3 (N.D. Ohio June 3, 2010) (citing *Bledsoe v. Barnhart,* No. 04-4531, 2006 WL 229795, at *3 (6th Cir. Jan. 31, 2006)).

review."[30]

### 3.    *Credibility*

As the Social Security Administration has recognized in a policy interpretation ruling on assessing claimant credibility,[31] in the absence of objective medical evidence sufficient to support a finding of disability, the claimant's statements about the severity of his or her symptoms or limitations will be considered with other relevant evidence in deciding disability:

> Because symptoms, such as pain, sometimes suggest a greater severity of impairment than can be shown by objective medical evidence alone, the adjudicator must carefully consider the individual's statements about symptoms with the rest of the relevant evidence in the case record in reaching a conclusion about the credibility of the individual's statements if a disability determination or decision that is fully favorable to the individual cannot be made solely on the basis of objective medical evidence.[32]

The regulations also make the same point.

> We must always attempt to obtain objective medical evidence and, when it is obtained, we will consider it in reaching a conclusion as to whether you are disabled. However, we will not reject your statements about the intensity and persistence

---

[30] *Eiland v. Astrue*, No. 1:10CV2436, 2012 WL 359677, at *9 (N.D. Ohio Feb. 2, 2012) (citing *Marok*, 2010 WL 2294056, at *3).

[31] Social Security Ruling ("SSR") 96-7p, Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements, 61 Fed. Reg. 34483 (July 2, 1996). SSR 16-3p, issued on March 28, 2016, superseded SSR 96-7p.   Social Security Administration, Social Security Ruling 16-3p Titles II and XVI: Evaluation of Symptoms in Disability Claims, 82 Fed. Reg. 49462, 49462 (Oct. 25, 2017).   But SSR 16-3p did not go into effect until after the time the ALJ issued his decision.   *See id.* at 49462-63. Therefore, SSR 96-7p controls.

[32] 61 Fed. Reg. at 34484.

> of your pain or other symptoms or about the effect your
> symptoms have on your ability to work . . . solely because the
> available objective medical evidence does not substantiate
> your statements.[33]

Under the analytical scheme created by the Social Security regulations for determining disability, objective medical evidence constitutes the best evidence for gauging a claimant's RFC and work-related limitations.[34]

As a practical matter, in the assessment of credibility, the weight of the objective medical evidence remains an important consideration. The regulation expressly provides that "other evidence" of symptoms causing work-related limitations can be considered if "consistent with the objective medical evidence." [35] Where the objective medical evidence does not support a finding of disability, at least an informal presumption of "no disability" arises that must be overcome by such other evidence as the claimant might offer to support his claim.

The regulations set forth factors that the ALJ should consider in assessing credibility. These include: the claimant's daily activities; the location, duration, frequency, and intensity of the pain; precipitating and aggravating factors; the type, dosage, effectiveness, and side effects of medication; and treatment or measures, other than medication, taken to relieve pain.[36]

---

[33] 20 C.F.R. § 416.929(c)(2).
[34] *Swain v. Comm'r of Soc. Sec.*, 297 F. Supp. 2d 986, 988-89 (N.D. Ohio 2003).
[35] 20 C.F.R. § 404.1529(c)(3).
[36] 20 C.F.R. §§ 404.1529(c)(3)(i)-(vii).

The specific factors identified by the regulation as relevant to evaluating subjective complaints of pain are intended to uncover a degree of severity of the underlying impairment not susceptible to proof by objective medical evidence.  When a claimant presents credible evidence of these factors, such proof may justify the imposition of work-related limitations beyond those dictated by the objective medical evidence.

The discretion afforded by the courts to the ALJ's evaluation of such evidence is extremely broad.  The ALJ's findings as to credibility are entitled to deference because he has the opportunity to observe the claimant and assess her subjective complaints.[37]   A court may not disturb the ALJ's credibility determination absent compelling reason.[38]

## B.     Application of legal principles

Lanthron presents three issues for decision:

(1) The ALJ did not make a specific finding at Step Three under Listing 1.04(A). Does this constitute reversible error?

(2) The ALJ found Lanthron's subjective complaints not credible.   Does substantial evidence support this finding?

(3) The ALJ found that opinions by sources rendered before the onset date of September 22, 2010 were not relevant and did not analyze or weigh them. Does substantial evidence support this finding?

I address each of these issues in turn.

---

[37] *Buxton*, 246 F.3d at 773.
[38] *Smith v. Halter*, 307 F.3d 377, 379 (6th Cir. 2001).

*1.    **Step Three***

The relevant impairment is degenerative joint and disc disease, which the ALJ found severe at Step Two.[39]   The ALJ detailed the medical evidence regarding this impairment in his Step Two analysis.[40]   This discussion incorporated by reference a previous ALJ decision dated February 7, 2013 (reversed and remanded by this Court) that discussed Lanthron's first spinal surgery.[41]   Lanthron continued to treat for back pain in 2010, 2011, 2013, 2014, and 2015.[42]

The ALJ specifically addressed Listing 1.04(A).[43]   He referred to Lanthron's first back surgery in the 1990s and a second surgery in 2015.[44]   Although the ALJ failed to specifically reference Lanthron's 2010 back surgery, the earlier 2013 decision – incorporated by reference – discussed that surgery in detail.[45]   The basic articulation here is that during the relevant period, despite her surgeries, the severity of Lanthron's back impairments did not reach listing level for a 12-month period.[46]   The question is whether

---

[39] Tr. at 708.

[40] *Id.* at 709-11.

[41] *Id.* at 709.

[42] *Id.* at 709-11.

[43] *Id.* at 711.

[44] *Id.*

[45] *Id.* at 19.

[46] *Id.* at 711.

substantial evidence supports the rationale that the impairment did not reach listing level

for the required duration between the onset date and the date of decision.

The ALJ found as follows with respect to Listing 1.04:

> The claimant has a long history of back problems with her first surgery in the 1990s. She is also noted to be obese. She did well after her surgery, but with age her lumbar spine has degenerated until she needed an additional fusion in July 2015. Clinical examinations up until April 2015, however, did not show any motor weakness, atrophy, sensory changes, or reflex abnormalities despite her disc and joint disease as well as her obesity. Her gait was described as antalgic but stable. Therefore, prior to April 2015 the claimant's lumbar impairments did not meet or equal the severity of Listing 1.04. The clinical examination in April 2015 did reveal neurological deficits indicative of a herniated disc and thus her surgery. However, there is no indication of any complications from the surgery. She is still in the recovery phase of her surgery but without any unforeseen circumstances, her impairment will not last 12 months, and she should be back to her pre-April 2015 condition or better than her condition prior to the recent surgery.[47]

The only evidence Lanthron identifies as being overlooked by the ALJ is the 2010

back surgery.[48]   But as noted, elsewhere in the decision the ALJ specifically incorporated

by reference the discussion of the medical evidence included in the February 7, 2013

decision – a discussion that explicitly included the 2010 surgery and relevant records.[49]

While Lanthron's counsel asserted during oral argument that such an incorporation was

invalid given the reversal and remand by this Court, the fact remains that the 2013 decision

---

[47] *Id.* at 711.
[48] ECF No. 12 at 7-11.
[49] Tr. at 19.

10

constituted part of the record and the current ALJ adopted only the factual discussion of the evidence, not the earlier conclusions.[50]   Furthermore, the current ALJ's discussion of the medical evidence included medical records from October 2010 forward.[51]   At bottom, Lanthron's listing argument is a request to reweigh the evidence, which this Court cannot do.   The ALJ's Step Three findings should be affirmed.

### 2.   *Credibility*

This is a "cherry-picking" dispute.   Lanthron argues that the ALJ's articulation takes evidence out of context.[52]   The Commissioner argues that the body of evidence relied on by the ALJ is broader than Lanthron acknowledges in her brief.[53]

As a starting point, the standard for reversing an ALJ's credibility finding is high.[54] The ALJ considered the weight of the objective medical evidence and then went on to consider the factors set forth in the regulations.[55]   While Lanthron clearly disagrees with the ALJ's credibility determination, the ALJ gave a thorough analysis of the reasons for his credibility assessment.[56]   Again, it is not for the Court to reweigh the evidence.   The ALJ's credibility assessment should be affirmed.

---

[50] *Id.* at 709.
[51] *Id.* at 709-11.
[52] ECF No. 12 at 12-16.
[53] ECF No. 15 at 7-11.
[54] *Cross v. Comm'r of Soc. Sec.*, 373 F. Supp. 2d 724, 732 (N.D. Ohio 2005).
[55] Tr. at 716-19.
[56] *Id.*

*3.*     ***Step Four***

The pre-onset opinions at issue consist of an August 2009 opinion by treating psychiatrist Dr. Schoenfelt and an August 2009 opinion by consulting examiner Dr. Dubey. While the state agency reviewing sources reviewed Dr. Dubey's opinion, it does not appear that they reviewed Dr. Schoenfelt's opinion.[57]

Lanthron argues that the ALJ committed reversible error by failing to analyze and weigh these source opinions.   Failure to analyze an opinion that predates the alleged onset date is not *per se* reversible error.[58]   While medical history is relevant to a disability claim, Lanthron's medical history before the onset date should not be given more weight than medical evidence during the relevant period of disability.[59]   Here, the state agency sources reviewed the record (potentially minus Dr. Schoenfelt's decision) and opined Lanthron was not disabled.   In addition, the ALJ weighed and analyzed other medical opinion evidence that fell within the disability period – and Lanthron does not challenge the weight to this evidence assigned on appeal.   And the ALJ's opinion discusses the evidence of record at length.   Although the ALJ should not have dismissed these two opinions simply because

---

[57] *Id.* at 830-46, 848-61.
[58] *See Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535-36 (6th Cir. 2001).
[59] *See id.* at 536.

12

they predated the alleged onset date, the failure to analyze and weigh these opinions in this case was harmless error.

## Conclusion

Substantial evidence supports the finding of the Commissioner that Lanthron had no disability.   Accordingly, I recommend that the decision of the Commissioner denying Lanthron supplemental security income be affirmed.

IT IS SO RECOMMENDED.

Dated: January 31, 2019                         s/ William H. Baughman, Jr.
                                                United States Magistrate Judge

**Objections**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days of receipt of this notice.   Failure to file objections within the specified time waives the right to appeal the District Court's order.[60]

---

[60] *See United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).   *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).