UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


| | |
|---|---|
| Victoria Lanthron, | Case No. 3:18-cv-689 |
| Plaintiff | |
| v. | MEMORANDUM OPINION AND ORDER |
| Commissioner of Social Security, | |
| Defendant | |

Before me is the Report and Recommendation ("R & R") of Magistrate Judge William H. Baughman, Jr. (Doc. No. 19). Judge Baughman recommends I affirm the final decision of Defendant Commissioner of Social Security denying Plaintiff Victoria Lanthron's application for Supplemental Security Income. (*Id.*). Lanthron timely filed objections to the R & R, (Doc. No. 20), and the Commissioner filed a response, (Doc. No. 21).

A district court must conduct a *de novo* review of "any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject or modify the recommended disposition, receive further evidence, or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

When reviewing those non-general objections, the district judge "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting

*Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

Here, Lanthron does not contend substantial evidence exists to support the ALJ's decision, but instead objects simply to whether the ALJ considered all of the record evidence when deciding whether Lanthron's condition met or equaled Listing 1.04A before making his decision. (Doc. No. 20). In her specific objection to the R & R, she disputes Judge Baughman's finding that "[t]he only evidence Lanthron identifie[d] as being overlooked by the ALJ is the 2010 back surgery." (Doc. No. 19 at 10). Instead, Lanthron states that she "put forth a great deal of evidence documenting the existence of each element of Listing 1.04A" in her merits brief. (Doc. No. 20 at 2).

I agree that, contrary to Judge Baughman's statement, Lanthron's merits brief alleges numerous parts of the record were not considered by the ALJ. (Doc. No. 12 at 8-11, n. 3-6). Even so, after independently comparing the additional evidence cited by Lanthron with the ALJ's decision, I find that the ALJ properly considered the cited evidence. (*Compare* Doc. No. 10 at 367-68, 370, 372, 377, 387, 391-92, 396, 417-18, 464, 497, 539, 764, 1054-56, 1078-81, 1083-84, 1088-93, 1108-09, 1196-97, 1252-53, 1373-74, 1378-81, 1383-86, 1388-91, 1412-16, 1464-66, 1472-73, 1480, 1517-18, 1531-34, 1546, 1557-59, 1646-48 *with id.* at 717-20). After thoroughly describing Lanthron's medical history and briefly acknowledging Lanthron's 2010 surgery, the ALJ explained:

> The claimant has a long history of back problems with her first surgery in the 1990s. She is also noted to be obese. She did well after her surgery, but with age her lumbar spine has degenerated until she needed an additional fusion in July 2015. Clinical examinations up until April 2015, however, did not show any motor weakness, atrophy, sensory changes, or reflex abnormalities despite her disc and joint disease as well as her obesity. Her gait was described as antalgic but stable. Therefore, prior to April 2015 the claimant's lumbar impairments did not meet or equal the severity of Listing 1.04. The clinical examination in April 2015 did reveal neurological deficits indicative of a herniated disc and thus her surgery. However, there is no indication of any complications from the surgery. She is still in the recovery phase of her surgery but without any unforeseen circumstances, her impairment will not last 12

months, and she should be back to her pre-April 2015 condition or better than her condition prior to the recent surgery.

(*Id.* at 719-20).

Therefore, even though I respectfully disagree with this finding by Judge Baughman's, I agree with his ultimate conclusion to affirm the Commissioner's decision. Because the ALJ properly considered the medical evidence before him and explained his conclusion that Lanthron's condition did not meet Listing 1.04A, the decision is supported by substantial evidence and is hereby affirmed.

So Ordered.

s/ Jeffrey J. Helmick  
United States District Judge